UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11826-RGS

DAVID LIONEL FOWLER

v.

SOCIAL SECURITY ADMINISTRATION.

MEMORANDUM AND ORDER
October 9,  2012

STEARNS, D.J.

BACKGROUND

On October 2, 2012, plaintiff David Lionel Fowler, (Fowler), currently residing at the

Massachusetts New England Center for Homeless Veterans in Boston, Massachusetts, filed a

skeletal self-prepared complaint against the Social Security Administration (SSA).[1]  Apart from

identifying the parties to the action, Fowler includes only one paragraph for relief, stating:

> Plaintiff requests the jurisdiction over thic [sic] case pursuant to 28 U.S.C. 1332.
> Reasons Non-Payment 6 month Default on Federal Court Demand Filed 03/23/2012
> Defendant Caused Detrimental Harm Causing Plaintiff to Be Homeless.

Compl. (Docket No. 1 at 1, ¶ 4).  The Civil Cover Sheet attached to the Complaint states the cause

of action is based on civil rights and Recover of Defaulted Non-Payment on Demand.  He demands

$50,000,000.00.

This civil action is a refiling of a case Fowler filed in the District of Arizona (Phoenix

Division).  *See Fowler v. Social Security Administration, et al.*, Civil Action No. 2:12-cv-00628-

JAT.  On May 8, 2012, Fowler was ordered to appear before James A. Teilborg in Phoenix, Arizona

and show cause why his case should not be dismissed for failure to return the service packets in

---

[1]The complaint actually names the SSA located in Boston, Massachusetts as a party; however, the Clerk's Office opened this action as a claim against Michael J. Astrue, the Commissioner of the SSA.  This action is one of two civil actions filed by Fowler on October 2, 2012.

accordance with the Court's Order of March 27, 2012.  On May 21, 2012, a show cause hearing was held; however, Fowler did not appear.  In light of the failure to appear, the case was dismissed without prejudice.  Thereafter, Fowler filed a number of motions, and on July 10, 2012, an Order issued denying his Motion for Reconsideration of the Dismissal Order.  The grounds asserted by Fowler were that difficult living circumstances led to problems with his receiving mail.  In that Order, Fowler's underlying claims were discussed.  It appears that Fowler alleged that he was denied social security benefits.  He also alleged that the Berrien County Probate Court (mentioned in the Complaint but not named as a party), improperly concealed records of his adoption.[2]  *See* Order (Docket No. 18 at 1).  On September 4, 2012, Fowler filed a Motion to Transfer this case to Massachusetts.  *See* Motion to Transfer (Docket No. 20).

Accompanying the instant complaint, Fowler filed a document entitled "Motion Subpoena Felony Complaint" (Docket No. 3), directed to Chief Judge Mark L. Wolf.  He requests that warrants issue against the SSA for "non-payment on federal court demand that concludes final action and legal provisions ordered by the federal court district ARIZONA.  Assigned state federal judge Honorable JAMES A. TEILBORG."  Motion (Docket No. 3 at 1).  Additionally, Fowler alleges that the SSA is in "felony negligence tort-criminal and civil violation reasons ignoring a federal court order failing to meet complaint within a specified time period."  *Id.*  Fowler alleges that he filed a complaint with the Massachusetts Attorney General's Office  (civil division) in September, 2012 and was told that he needed to have an attorney, and that he was six-months past

---

[2]In a separate civil action filed in the District of Arizona, Fowler sued the Berrien County Probate Court and the Jackson County Probate Court.  *See Fowler v. Berrien Michigan Probate Court, et al.*, Civil Action No. 2:12-cv-00630-MHB.  That action was dismissed after the Court determined that Fowler's amended complaint failed to satisfy federal pleading requirements to state a plausible claim for relief.  *See* Order (Docket No. 11).  Fowler's two subsequent Motions for Reconsideration were denied.

the demand date.[3]  He claims the SSN purposely violated his civil rights because he is a 19-year veteran of the U.S. Army.  He seeks both payment from the SSA and felony charges against it.

In addition to the Motion Subpoena Felony Complaint, Fowler filed a "Motion Pettion [sic] Non-Payment (Docket No. 4).  He reiterates his claims that he is entitled to money and seeks criminal actions against all (unidentified) defendants.  He threatens that if he does not obtain judgment, "more litigations and jail time will be filed in the UNITED STATES SUPREME JUDICIAL COURT to enforce this action against all Defendants in felony violation."  Motion (Docket No. 4 at 1).  Notably, attached to this motion is, *inter alia*, a May 31, 2012 letter from the Michigan Governor's Office indicating that there was a discrepancy between information on Fowler's birth record as contained in the Michigan Vital Records Office, and an application submitted by Fowler.  This discrepancy involved a switch of the first and middle names.

Finally, along with the two motions noted above, Fowler filed a Notice o f Default form (Docket No. 5) for execution and issuance by the Clerk of Court, and a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

DISCUSSION

I.      The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Fowler's financial disclosures indicating that he has no assets or income, this court finds that lacks the $350.00 to pay the filing fee for civil actions.

Accordingly, his Motion for Leave to Proceed *in forma pauperis* is ALLOWED.

II.     Preliminary Screening of the Complaint

Because Fowler is proceeding *in forma pauperis*, his complaint is subject to screening under

---

[3]While not clear, it is presumed this may refer to presentment of a claim under the Massachusetts (or Federal) Tort Claims Act.

28 U.S.C. § 1915(e)(2).[4]  Further, in addition to the statutory screening requirements under § 1915,

the Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.[5]

In connection with this preliminary screening, Fowler's *pro se* complaint is construed generously.

 *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972);  *Instituto de*

*Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).  Even under

a broad reading, however, the complaint is subject to dismissal for the reasons set forth below.

### III.     Failure to Comply With Fed. R. Civ. P. 8

Fowler's Complaint fails to comport with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a

short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests,'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration

in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957));  *see Rivera v. Rhode Island*, 402

F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "['] meaningful opportunity to mount

a defense,'"  *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez*

*v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).  *See also Redondo-Borges v. U.S.*

---

[4]This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[5]*See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  *See also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

*Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any

other action . . . , the complaint should at least set forth minimal facts as to who did what to whom,

when, where, and why."  *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st

Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements

are not tantamount to nonexistent requirements.'"  *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d

513, 514 (1st Cir. 1988)).

Here, Fowler's sparse complaint fails to set forth plausible claims in accordance with Rule

8.  Although he demands payment from the SSA, he fails to set forth the underlying factual basis

for the demand.  It appears that he is asserting that he obtained a judgment from the Arizona District

Court; however, as noted above, the public records (PACER) do not indicate that to be the case,

since Fowler's claims were dismissed.  In any event, he fails to set forth the "who, what, where,

when, and why" type information necessary to state a claim upon which relief may be granted.  Even

considering the attachments submitted, this court cannot discern any cognizable claim against the

SSA.  Moreover, Fowler references "all defendants" but fails to set forth any claims against

defendants, and it is unclear to whom he is referring.

In short, it would be unfair to the SSA to have to respond to the complaint as pled.  In light

of all of the above, this case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IV.    The SSA is Entitled to Sovereign Immunity

In addition to the Rule 8 pleading deficiencies, Fowler's complaint has other legal

impediments subjecting his claims to dismissal.  Specifically, Fowler may not recover damages

against the SSA (a federal agency) because it is entitled to sovereign immunity.

It is well-settled that under the doctrine of sovereign immunity, the United States (including

its various branches, departments, and agencies) enjoys immunity from suit except in those instances

5

in which it has expressly consented to be sued.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Testan*, 424 U.S. 392, 399 (1976).   A waiver of this immunity may never be implied from the factual circumstances of the particular case.   Rather, the waiver must be unequivocally expressed in each instance.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538, (1980).

The United States has waived its sovereign immunity for certain common law torts under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2671 *et seq*. ("FTCA"), including a waiver of immunity with respect to negligent or wrongful acts of federal employees.

Section 1346(b) directs that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government...."  28 U.S.C. §1346(b) (emphasis added).  Section 2675(a) provides, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006), *cert. denied* 550 U.S. 936 (2007). Before a federal court may exercise jurisdiction over such a claim, a plaintiff must have filed an administrative claim with the agency allegedly responsible for his alleged damages.  *See* 28 U.S.C. § 2675(a); *see also Acosta v. United States Marshals Serv.*, 445 F.3d 509, 514 (1st Cir. 2006) (FTCA

requirement of filing of administrative claim is jurisdictional).  The administrative claim must be filed within two years of accrual of the claim unless the action is begun within six months after the date of mailing of the agency's denial of the presentment.  *See* 28 U.S.C. § 2401(b).  The litigant may seek relief in federal court only after (1) the agency formally denies the administrative claim; or (2) the agency fails to respond to the administrative claim within six months of the filing of the claim.  *See* 28 U.S.C. § 2765(a).

In this case Fowler has failed to state that he has fulfilled the requirements for raising an FTCA claim in this court, and there is nothing in the complaint from which this court could infer that subject matter jurisdiction over an FTCA claim exists.   Although he may have filed an administrative claim with the Massachusetts Attorney General's Office (and this is not clear), that is not the proper agency (it is a state, not federal agency).  Moreover, Fowler has not asserted grounds for a waiver of immunity under any other legal theory.

Accordingly, this action is also subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) (failure to state a claim upon which relief may be granted and suit against a defendant who is immune).

V.    Lack of Jurisdiction Over Veterans Claims for Benefits

It is unclear whether Fowler seeks veteran's benefits; however, because Fowler has indicated he has a right to money from the SSA because he is a veteran, the court will address the legal impediments to such claims.

This court lacks subject matter jurisdiction over any claims for benefits.  In 1988, Congress enacted the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a), to establish a framework for the adjudication of veterans' benefits claims. The determination of veterans' benefits is by law committed exclusively to the Secretary of the Veterans Administration and is not subject to review

7

by any district court.  *See* 38 U.S.C. § 511; *see also Price v. United States*, 228 F.3d 420, 421 (D.C.

Cir. 2000) (§ 511 "precludes judicial review in Article III Courts of VA decisions affecting the

provision of veterans' benefits") (*per curiam*).[6]

> VI.   Failure to State Cognizable Civil Rights Claims Based on SSA Decisions

Next, to the extent that Fowler asserts constitutional violations against the SSA (which is

immune from suit),  or against its employees or officials, his constitutional tort claims are subject

to dismissal because there is no *Bivens*[7] liability with respect to matters involving the denial of

Social Security benefits.   Rather, Congress's statutory scheme providing a remedy for alleged

federal wrongs in this area is the exclusive means available to Fowler.

In addressing the question whether federal actors may be sued under *Bivens* in the context

of challenges to an agency decision denying benefits:

[T]he Supreme Court has held that a *Bivens* action does not lie for denial of Social Security

benefits.  The Ninth Circuit  summarized:

> "[t]he Supreme Court has instructed us that a *Bivens* action does not lie where a
> comprehensive federal program, with extensive statutory remedies for any federal

---

[6]The process begins with the veteran filing a claim for benefits with a regional office of the Department of Veterans Affairs and includes several levels of appeal. The regional office decides all questions of law and fact as they relate to the claim.  *See* 38 U.S.C. § 511(a).  If aggrieved, the claimant may then appeal to the Board of Veterans' Appeals ("BVA").   *See* 38 U.S.C. § 7104. BVA decisions may be appealed to the Court of Appeals for Veterans Claims, to which Congress vested exclusive jurisdiction to review BVA decisions.  *See* 38 U.S.C. § 7252(a).  Claimants may appeal unsatisfactory decisions of the Court of Appeals for Veterans Claims to the Federal Circuit, which has exclusive appellate jurisdiction over such matters. *See* 38 U.S.C. § 7292. Finally, a claimant may appeal to the Supreme Court.  *See* 38 U.S.C. § 7291.

[7]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "The *Bivens* doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities."  *DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008)

> wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." *Adams v. Johnson*, 355 F.3d 1179, 11-83-84 (9th Cir. 2004) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies.")); *see also Hooker v. U.S. Dept. of Health and Human Services*, 858 F.2d 525, (9th Cir.1988) (42 U.S.C. § 405(h) bars state law tort claim under Federal Tort Claims Act.).

*Deuschel v. Barnhart*, 2004 WL 5542429, at *5 (E.D. Cal. 2004); *see Rivera v. Astrue*, 2011 WL 241981, *3  (D. Mass. 2011).

*Deuschel* expounded further in this matter, stating that: "[t]he Social Security Act contains a comprehensive system for review of actions taken in the course of administering it ...." *Id.* at *6. Further, in discussing the Supreme Court's jurisprudence with respect to *Bivens*, *Deuschel* noted:

> "[T]he Court has cautioned against extending *Bivens* into new areas or recognizing new rights or claims. The Court has emphasized that so long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclose judicial imposition of a new substantive liability. Implied remedies premised on violations of constitutional rights are not created to fill in gaps of existing relief to which plaintiffs are already entitled." *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir. 2003). The Social Security Act having provided for a comprehensive system to challenge the decisions of which [plaintiff] complains, a *Bivens* action against individuals does not lie. That determination, however, does not end the matter. Plaintiff may nevertheless be entitled to obtain judicial review of her claim against the Commissioner that the procedures followed by the social security administration ... violated due process.

*Deuschel*, 2004 WL 5542429, at * 6 [brackets added]; *see* 42 U.S.C. § 405(h) (providing for finality of the Commissioner's decision, and providing, *inter alia*, that: "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.").

In light of the above, to the extent that Fowler's claims are based on the denial of social security benefits, his only basis for seeking judicial review is under the statutory scheme with

respect to the administration of social security benefits.  *See* 42 U.S.C. § 405(g).

Accordingly, all of Fowler's civil rights claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

VII.   Order to Show Cause and Amend Complaint

In light of the above, Fowler is directed to demonstrate good cause in writing, within 35 days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated herein  (addressing the Rule 8 pleading deficiencies, sovereign immunity of the SSA, and the lack of *Bivens* liability).

In addition to the show cause response, Fowler shall file an amended complaint curing the Rule 8 pleading deficiencies noted above.  No summonses or any Notice of Default shall issue pending compliance with the directives contained herein, and failure to comply with the directives will result in a dismissal of this action.

In light of Fowler's prior litigation in Arizona, he is warned that he may not submit amendments to his complaint *ad seriatim*; rather, he will only be permitted one further opportunity to comply with this court's directives in submitting an amended complaint that comports with Rule 8 and that states legally plausible claims.  Failure to file a coherent and legally sufficient amended complaint will result in a dismissal of this action.  Moreover, the dismissal of the action may be <u>with</u> prejudice (meaning that Fowler will be precluded from raising the same issues in another lawsuit in this court).

VIII.   Declination to Appoint Counsel

In anticipation that Fowler may respond to the directives contained in this Memorandum and Order by requesting appointment of counsel, this court has considered whether appointment of *pro bono* counsel is warranted.  Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to

represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, a civil plaintiff

lacks a constitutional right to free counsel.  *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).

In order to qualify for appointment of counsel, a party must be indigent and exceptional

circumstances must exist such that denial of counsel will result in fundamental unfairness impinging

on the party's due process rights.  *Id.*  To determine whether exceptional circumstances sufficient

to warrant the appointment of counsel are present in a case, the court must examine the total

situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's

ability to represent him or herself.  *Id.* at 24.

Here, notwithstanding that Fowler is indigent, for the reasons noted above, the merits of

Fowler's claims are dubious.  Additionally, the court questions whether Fowler has exhausted any

administrative remedies with the SSA.  Thus, the expenditure of the scarce *pro bono* resources of

the Court is not justified.

Accordingly, this court <u>DECLINES</u> to appoint *pro bono* counsel.

IX.     <u>The Motion Subpoena Felony Complaint and the Motion Petition Non-Payment</u>

A.     <u>The Request for Criminal Prosecution</u>

To the extent that Fowler seeks criminal proceedings to be instituted against the SSA or any

of its employees, officials, or, for that matter, any other individual based on the alleged

constitutional violations, the court finds his requests to be unfounded.  A private citizen, such as

Fowler, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of

another.  *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Nieves-Ramos v.*

*Gonzalez*, 737 F. Supp. 727, 728 (D. P.R. 1990) (same).

Moreover, section 547 of title 28 states, in relevant part, that "Except as otherwise provided

by law, each United States attorney, within his district, shall – (1) prosecute for all offenses against

the United States."  28 U.S.C. § 547 (1).  Thus, Fowler does not have standing to bring a criminal

action in federal court because no statute authorizes him to do so.  *Kennan v. McGrath*, 328 F.2d

610, 611 (1st Cir. 1964) (*per curiam*); *accord Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (*per*

*curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C.

§§ 241-242); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens

have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct

of litigation in which the United States is a party is reserved to officers of the Department of Justice,

under the direction of the Attorney General).  Thus, the request for criminal action is <u>DENIED</u>.

### B. The Request for Money to Be Paid

Finally, to the extent that Fowler's motions seek *ex parte* injunctive relief in the form of an

Order directing the SSA to pay him money, the motions are also unfounded.  To obtain the

extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) he will suffer

irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if

granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not

adversely affect the public interest.  *Voice of The Arab World v. MDTV Med. News Now, Inc.*, 645

F.3d 26, 32 (1st Cir. 2011); *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009

(1st Cir. 1981); *see Weaver v. Henderson*, 984, F. 2d 11, 12 (1st. 1993)*; Merrill Lynch, Pierce,*

*Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part

preliminary injunction test to temporary restraining orders).  Likelihood of success on the merits is

the critical element of the four-factor framework.  *Weaver*, 984 F.2d at 12.

Here, this Court will not construe Fowler's motions as requests for a preliminary injunction

because preliminary injunctions may <u>not</u> be issued without notice to the adverse party, and the

motion does not appear to have been served on the defendant.  *See* Fed. R. Civ. P. 65(a)(1).

12

To the extent Fowler seeks an *ex parte* restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b).[8]  The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders.  *Levesque v. State of Maine*, 587 F.2d 78, 80 (1st Cir. 1976); *see Butler v. Maine Sup. Jud. Ct.,* 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).  A party seeking an *ex parte* temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b).  Further, the party's attorney (or the party himself, if proceeding *pro se* as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  *Id.*

For all the reasons noted above, Fowler fails to meet the requirements for preliminary injunctive relief or a Temporary Restraining Order because the merits of his claims and the likelihood of success is highly doubtful.

Accordingly, Fowler's Motion Subpoena Felony Complaint (Docket No. 3) is <u>DENIED</u> in all respects, and Fowler's Motion Petition Non Payment (Docket No. 4) is <u>DENIED</u> in all respects.

<u>CONCLUSION</u>

Based on the above, it is hereby Ordered that:

---

[8]Rule 65(b) (1) (A) and (B) states that:

> The court may issue a temporary restraining order without without written or oral notice to the adverse party or that party's attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts, made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A), (B).

1.     Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2.     Plaintiff's Motion Subpoena Felony Complaint (Docket No. 3) is <u>DENIED</u>;

3.     Plaintiff's Motion Petition Non-Payment (Docket No. 4) is <u>DENIED</u>;

4.     Within 35 days of the date of this Memorandum and Order, plaintiff shall demonstrate good cause in writing why this action should not be dismissed for the reasons stated herein;

5.     Within 35 days of the date of this Memorandum and Order, plaintiff shall file an amended complaint curing the Rule 8 pleading deficiencies; and

6.     This court <u>DECLINES</u> to appoint *pro bono* counsel for plaintiff.


SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE

14