UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11826-RGS

DAVID LIONEL FOWLER

v.

SOCIAL SECURITY ADMINISTRATION.

MEMORANDUM AND ORDER FOR DISMISSAL
November 1, 2012

STEARNS, D.J.

BACKGROUND

On October 2, 2012, plaintiff David Lionel Fowler, (Fowler), currently residing at the Massachusetts New England Center for Homeless Veterans in Boston, Massachusetts, filed a skeletal self-prepared Complaint against the Social Security Administration (SSA). The Complaint was virtually incoherent, but appeared to be a refiling of a dismissed case in the District of Arizona (Phoenix Division) seeking social security benefits. *See Fowler v. Social Security Administration, et al.*, Civil Action No. 2:12-cv-00628-JAT.

On October 9, 2012, this court issued a Memorandum and Order (Docket No. 10) directing Fowler to file an Amended Complaint curing the pleading deficiencies and complying with Rule 8 of the Federal Rules of Civil Procedure. Fowler also was directed to demonstrate good cause why this action should not be dismissed for the reasons set forth therein. This court also declined to appoint pro bono counsel for Fowler on the grounds that the merits of his claims were dubious, particularly where it was unclear whether Fowler had exhausted his administrative remedies with the Social Security Administration.

On October 29, 2012, Fowler filed a two-page Amended Complaint, along with random

exhibits (Docket No. 11).[1]  In the Amended Complaint, Fowler seeks reconsideration of the Memorandum and Order, stating that "reasons medical and adoption has been falsely removed from state electronic files to purposely refuse payout on federal criminal civil demand."  Am. Compl. (Docket No. 10 at 1).  He claims that the Social Security Office in Phoenix, Arizona "disregarded a federal court order and committed a felony by not filing federal court order in social security electronic file date of judgment and demand 03/23/2012 to felony cover up a criminal and civil order."  *Id.*  He references a social security case apparently dismissed by an administrative law judge, and makes reference to false adoption information,[2] but otherwise his Amended Complaint is unintelligible.

DISCUSSION

Fowler's Amended Complaint utterly fails to comport with the pleading requirements of Rule 8, and therefore does not satisfy this court's directives contained in the Memorandum and Order (Docket No. 10).  He does not specify the federal order allegedly violated, nor does he set forth the date, the place, or any material underlying facts supporting his claim.  He also does not

---

[1]Fowler's attached exhibits include an August, 2011 Notice of Hearing by the Social Security Administration, the docket sheet in the Arizona case, two January, 2011 medical reports/records, letter from Fowler dated February 28, 2012 seeking assistance from the Federal Public Defender in Arizona, a June, 2009 and a July, 2009 letter to Fowler from the Selective Service System regarding his registration, a copy of the State of Michigan Certificate of Live Birth, a May 13, 2010 letter from the State of Michigan Department of Community Health regarding a discrepancy between information on Fowler's birth record and his application, a letter to the Berrien County Probate Courthouse Adoption Office in Michigan regarding Fowler's request for his adoption documentation, and a July 15, 2010 letter from Fowler to the Social Security Office in Grand Rapids, Michigan requesting benefits, noting his adoption occurred in 1970.

[2]While not entirely clear, it appears from an exhibit that, in connection with a claim for social security disability benefits, the administrative law judge refused to consider Fowler's adoption as a disability.

disclose whether he has exhausted his administrative remedies with the Social Security Administration in order to appeal a denial of benefits in this court. In other words, there is no basis from which this court could find that subject matter jurisdiction exists for judicial review of the denial of disability benefits.

In short, as pled, it would be immensely unfair to permit this action to proceed and to require the defendant to file a response, and expend public funds in doing so. *Although pro se* pleadings are construed liberally, this court finds the Amended Complaint fails to set forth any plausible claim upon which relief may be granted, or that this court has subject matter jurisdiction over Fowler's claims. In light of Fowler's prior attempts to assert claims against the defendant in the District of Arizona, this court does not find that further opportunities to cure the defects in the Amended Complaint should be given to Fowler. At this stage, it would be futile to permit Fowler to file, *ad seriatim*, his claims against the Social Security Administration or its officers. Indeed, this court deems that this would constitute a waste of scarce judicial resources in reviewing further filings.

Accordingly, for the failure of Fowler to comply with the directives contained in the Memorandum and Order (Docket No. 10), for the substantive reasons stated therein, and for the reasons set forth in this Memorandum and Order, it is hereby Ordered that the above-captioned matter is <u>DISMISSED</u> in its entirety.

<u>CONCLUSION</u>

Based on the above, it is hereby Ordered that this action is <u>DISMISSED</u> in its entirety.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE